UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GORDON P. MALONE, | ) | CASE NO. 1:08 CV 2644 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FNU RANCONE, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 7, 2008, *pro se* plaintiff Gordon P. Malone filed this action under 42 U.S.C. §§ 1983, 1985, and 1986, and the Religious Freedom Restoration Act 42 U.S.C. § 2000a-1 (RFRA) against Lake Erie Correctional Institution ("LECI") Security Threat Group Coordinator Officer Rancone, LECI Officer Belaney, LECI Institutional Inspector Fisher, LECI Deputy Warden Joyce, LECI Deputy Warden Compton, LECI Warden Richard Gansheimer, Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector Gary Croft, ODRC Director Terry Collins, and John Doe Disciplinary Officers. In the Complaint, Plaintiff alleges he was denied religious materials and subjected to harassment on the basis of his religious beliefs. He seeks monetary damages.

**Background**

In March 2007, Mr. Malone ordered Islamic prayer beads and head coverings from

a source outside of the prison. Although the purchase had been approved by the Islamic Chaplain, Mr. Malone was informed by Officer Milliman that he could not take possession of the materials unless they were approved by Religious Services. Three days later, Mr. Malone was contacted by Deputy Warden Joyce and was told the items would be returned to Mr. Malone's home address at his expense because he had not obtained the required approval.

Mr. Malone made a second attempt to obtain the materials. He spoke to the Islamic Chaplain and asked for specific instructions. The Islamic Chaplain told Mr. Malone to have the materials mailed to the institution "in care of Islamic Chaplain Imam Wa'il Al-Masri." (Compl. at 5.) When the materials arrived at the prison, they were once again confiscated, and shipped back to Mr. Malone's home at his expense.

Undeterred, Mr. Malone spoke to Deputy Warden Joyce to obtain specific instruction for the delivery of his Islamic materials. He was told to contact the Head Chaplain. The Head Chaplain told Mr. Malone to ship the materials to the prison "in care of Chaplain Vautin, LECI Religious Services." (Compl. at 6.) Mr. Malone followed the instruction and again, his materials were confiscated. He contends after three failed attempts, he abandoned his effort.

On June 1, 2007, Security Threat Group Coordinator, Mr. Rancone, collected all of Mr. Malone's personal property, including mail, religious materials, books, and papers, and labeled it as contraband. Mr. Malone received a contraband sheet that referred to the confiscated items as "a tote full of radical papers." (Compl. at 8.) He, however, did not receive a conduct report. Mr. Malone filed grievances and asked the Islamic Chaplain to intervene on his behalf. After speaking with the Chaplain, Mr. Rancone returned Mr. Malone's property. Mr. Malone discovered his prayer beads were still missing. He made several attempts to secure their return but

was unsuccessful.

As Ramadan approached, Mr. Malone desired to purchase Islamic books. In August 2007, he received written authorization from the Head Chaplain to receive the literature. When the books arrived, however, Mr. Rancone intercepted them. Both the Islamic Chaplain and the Head Chaplain approached Mr. Rancone to inquire about the books. The Islamic Chaplain was permitted to examine the books for objectionable content. Although the books received his approval, they were not given to Mr. Malone. He made many attempts to obtain the books, but was eventually informed by Mr. Rancone that the books and the prayer beads had been destroyed. He was given the impression he could receive compensation for the items, but after several inquiries, did not obtain reimbursement. He contacted Mr. Rancone's supervisor, Mr. Belany. He indicates Mr. Belaney did not respond to his requests for assistance.

Mr. Malone contends he contacted Deputy Warden Joyce concerning his dilemma. She asked him to provide her with a list of the materials he desired and a brief synopsis of each. Mr. Malone complied but received no response. He encountered Ms. Joyce in the prison yard and presented her with a catalogue of religious materials. Upon returning to his cell, he discovered it had been searched and all of the religious materials he had been permitted to keep in his cell had been confiscated.

In February 2008, Mr. Malone's cell was searched. He was placed in handcuffs and taken to segregation. He learned he was charged with unauthorized group activities based on his possession of materials classified as being "radical Muslim." His computer files at the library were also searched and reviewed. He was found guilty of the conduct charges. Mr. Malone filed grievances to contest the hearing and the classification of his religious beliefs. He did not obtain

the relief he sought.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against Mr. Belany, Mr. Fisher, Mr. Compton, Mr. Gansheimer, Mr. Croft, and Mr. Collins are dismissed.

It is apparent that Mr. Belany, Mr. Compton, Mr. Gansheimer, and Mr. Collins are all named as defendants in this Complaint because they supervise or employ the individuals who are alleged to have committed the acts giving rise to this Complaint. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability, therefore, must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the specific incident of misconduct or in some other way directly participated in it.' " *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*, 668 F.2d at 874). There are no allegations in the Complaint which suggest that Mr. Belany, Mr. Compton, Mr. Gansheimer, or Mr. Collins actively participated in or knowingly approved of the conduct described in the Complaint. The claims against them are dismissed.

Similarly, Mr. Fisher and Mr. Croft are included in this action because they did not respond favorably to plaintiff's grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). As plaintiff has failed to allege facts to reasonably indicate these defendants directly participated in the actions giving rise to this Complaint, the claims against them also are dismissed.

## Conclusion

Accordingly, plaintiff's claims against Mr. Belany, Mr. Fisher, Mr. Compton, Mr. Gansheimer, Mr. Croft, and Mr. Collins are dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action will proceed solely against Mr. Rancone and Ms. Joyce. The Clerk's

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-

Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

        IT IS SO ORDERED.


                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        UNITED STATES DISTRICT JUDGE

Dated: 2/9/09